# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, | ) |
| | ) Case No. 2:20-cv-226 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Cynthia R. Wyrick |
| RICHARD S. VENABLE, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## MEMORANDUM OPINION

On October 30, 2020, Plaintiff Huguette Nicole Young, proceeding *pro se*,[1] filed a verified complaint[2] in this action. (Doc. 1.) Plaintiff seeks declaratory and injunctive relief barring the mayor of Sullivan County, Tennessee, Richard Venable, from enforcing Executive Order #3 (the "Executive Order") issued on September 11, 2020. (*Id.* at 1-2, 9-10.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), a motion for an expedited hearing under Rule 57 of the Federal Rules of Civil Procedure (Doc. 3), and a motion for email filing and

---

[1] The Court is mindful that Plaintiff is proceeding in this action *pro se* and that *pro se* complaints are more liberally construed. However, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 Fed. Appx. 338, 344 (6th Cir. 2006).

[2] Plaintiff has filed nearly identical complaints in at least forty federal district courts. *See, e.g.*, *Young v. James*, No. 20 Civ. 8252 (PAE), 2020 U.S. Dist. LEXIS 198392, at *2 n.2 (S.D.N.Y. Oct. 26, 2020) (collecting cases); *Young v. Bottoms*, 1:20-cv-4431 (N.D. Ga. filed Oct. 29, 2020); *Young v. Cownie*, 4:20-cv-338 (S.D. Iowa filed Nov. 2, 2020); *Young v. Lumumba*, 3:20-cv-699 (S.D. Miss. filed Oct. 30, 2020).

notification (Doc. 4).  For the reasons set forth below, the verified complaint will be **DISMISSED,** and Plaintiff's remaining motions will be **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff, a former long-haul commercial truck driver with a Ph.D. in biochemistry, is a resident of Junction City, Oregon.  (Doc. 1, at 11-12.)  Plaintiff is currently unemployed but is "pursuing a career shift into the legal profession."  (*Id.*)

The Executive Order requires the use of face coverings or masks in "all businesses, organizations, or venue open to usage by members of the public" in Sullivan County, Tennessee. (*Id.* at 1.)  Plaintiff challenges the Executive Order on the basis that it "violates [P]laintiff's First Amendment right of free speech under the United States Constitution by literally blocking [P]laintiff's ability to communicate audibly, clearly, and expressively . . . while wearing a face mask . . . ."  (*Id.* at 1-2.)  Plaintiff further alleges that the Executive Order, as a restraint on free speech, cannot pass a strict-scrutiny standard of review.  (*Id.* at 2, 9.)  According to Plaintiff, face coverings actually "lead to a significant increase in spread of the virus through surface contacts while having little to no effect on spread of the virus through the air . . . ."  (*Id.* at 3, 6-7.)

Plaintiff claims that she has been injured by the Executive Order because her "rights have been violated while shopping at Walmart stores in Sullivan County in the past [ ] and will continue being violated as [P]laintiff is currently seeking new work opportunities in Sullivan County [ ]."  (*Id.* at 10-11.)

## II. STANDARD OF LAW

### A. Jurisdiction

Article III Section 2 of the Constitution limits the jurisdiction of federal courts to resolving "Cases" and "Controversies."  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66,

71 (2013). This limitation "restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Id.* (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). Thus, for a federal court to have jurisdiction over a particular case, a plaintiff must show that she possesses a "personal stake" or "legally cognizable interest" in the outcome. *Id.* ("This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved."). "[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3).

### B. Article III Standing

The case-or-controversy requirement of Article III Section 2 requires that a plaintiff have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Daunt v. Benson*, 956 F.3d 396, 417 (6th Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

An injury, for standing purposes, means the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent.'" *Id.* (citing *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. A "concrete" injury in fact does not have to be tangible, but it must be "'real,' and not 'abstract.'" *Id.* Further, "[w]here plaintiffs seek to establish standing based on an imminent injury, the Supreme Court has explained 'that

3

"threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient.'" *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 388 (6th Cir. 2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original)).

The plaintiff bears the burden of showing that she has standing. *Galaria*, 663 F. App'x. at 387 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)). "Each element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* at 387-88 (citing *Fair Elections Ohio v. Husted*, 770 F.3d 456, 459 (6th Cir. 2014)). When a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element of standing. *See Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

### C. Ripeness

Additionally, federal courts do not have jurisdiction over claims that are not ripe. *Norton v. Ashcroft,* 298 F.3d 547, 554 (6th Cir. 2002). Ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Ky. Press Ass'n v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Id.* (citing *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997)).

Courts asks two questions to determine whether a claim is ripe for judicial review: "(1) is the claim 'fit[] . . . for judicial decision' in the sense that it arises in a concrete factual context and concerns a dispute that is likely to come to pass? and (2) what is 'the hardship to the parties

4

of withholding court consideration'?" *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008).

### III. ANALYSIS

Plaintiff lacks standing to bring the present action. Additionally, even if Plaintiff has standing, her claims would not justiciable, because they are not ripe. Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's claims, and the complaint must be dismissed.[3]

#### A. Article III Standing

Plaintiff does not have standing, because she has not stated an actionable injury in her complaint. Plaintiff's past injury—being required to wear a face covering while shopping at a Wal-mart in Sullivan County—does not constitute an injury in fact for the purposes of seeking injunctive or declaratory relief. *See Crawford v. United States Dep't of the Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Past injury is also inadequate to constitute an injury in fact when the plaintiff seeks injunctive relief but not does suffer 'any continuing, present adverse effects.'"); *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (citing *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or 'demonstrate actual present harm or a significant possibility of future harm.'").

Plaintiff's anticipated future harm also does not constitute a concrete or imminent injury sufficient to confer standing. Plaintiff does not live in Tennessee, and she is not currently

---

[3] Other federal courts have dismissed nearly identical complaints filed by Plaintiff under similar reasoning. *See, e.g.*, *Young v. Healey*, No. 20-11832, 2020 U.S. Dist. LEXIS 187876, 2020 WL 5995213 (D. Mass. Oct. 9, 2020); *Young v. Frosh*, No. ELH-20-2935, 2020 U.S. Dist. LEXIS 193396, 2020 WL 6150952 (D. Md. Oct. 20, 2020).

5

employed as a truck driver.  Additionally, Plaintiff indicates she is "pursuing a career shift into the legal profession."  This makes any conclusion that Plaintiff might resume employment as a truck driver in the near future even more tenuous.  Ultimately, Plaintiff has provided no facts plausibly suggesting that she will be employed in or around Sullivan County, Tennessee in any capacity at any time for the foreseeable future.  Therefore, any future employment Plaintiff might gain in Sullivan County is purely speculative.  As a result, Plaintiff has not established a tangible, impending injury and her mere allegations of future injury are insufficient to give her standing to sue.

### B. Ripeness

Plaintiff also has not sufficiently alleged that the future harms detailed in her Complaint will ever come to pass.  Instead, the Court can only speculate regarding Plaintiff's possible future business transactions in Tennessee.  Even assuming Plaintiff's allegations are true, as discussed above, there is no concrete factual injury on which the Court can render a judicial decision.  Additionally, withholding consideration by the Court at this time will not result in undue hardship to the Plaintiff.  Plaintiff does not live in Tennessee and does not have any definite plans to return to Sullivan County.  Further, since the Court is dismissing the Complaint on jurisdictional grounds, the dismissal will be without prejudice.  *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("Article III standing is jurisdictional, and a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits.").

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff's complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3), and all other filed motions are **DENIED AS MOOT** (Docs. 2-4).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**